623 So.2d 459 (1993)
Bernard J. PENN, Appellant,
v.
FLORIDA DEFENSE FINANCE AND ACCOUNTING SERVICE CENTER AUTHORITY, etc., et al., Appellees.
No. 81201.
Supreme Court of Florida.
June 24, 1993.
Rehearing Denied September 9, 1993.
*460 Bernard J. Penn, pro se.
Robert A. Emmanuel and Karen O. Emmanuel of Emmanuel, Sheppard & Condon, Pensacola, for appellees.
PER CURIAM.
We have on appeal a final judgment of the Escambia County Circuit Court validating a $100,000,000.00 bond issue. We have jurisdiction. Art. V, § 3(b)(2), Fla. Const.
In 1992, the Florida Defense Finance and Accounting Service Center Authority (the Authority), together with the governments of Escambia County and the City of Pensacola, adopted resolutions authorizing the bond issue that is the subject of this cause, for the purpose of making improvements to assist the Department of Defense in improving its *461 facilities in Escambia County. The bonds are to be issued solely in the name of the Authority, which itself has no taxing powers.
On December 11, 1992, the Authority filed suit for the purpose of validating the bond issue, and the same day the circuit court entered a show-cause order that subsequently was published in the form of a notice in a newspaper of general circulation in Escambia County. The hearing on the order was scheduled for January 4, 1993.
On or about December 10 and 11, 1992, the city and county approved emergency ordinances establishing trust funds and taking other actions to provide security for the bond issue. Under the ordinances, the bonds will be secured by lease payments from the city and county, which in turn are secured by tax increment revenues measured in part by future increases in ad valorem tax receipts. Any shortfall will be made whole by non-ad valorem revenues, but the bondholders' lien attaches only to monies actually deposited in the trust funds. The city and county contended that the ordinances had to be approved on an emergency basis in order to meet a Department of Defense deadline.
The State Attorney filed an answer on December 31, 1992, and the same day Bernard J. Penn filed a "Motion for Continuance and Answer."
The trial court apparently was unaware that Penn had filed his Motion, and on January 4, 1993, the judge entered final judgment after permitting Penn to make oral statements to the court. Penn filed for rehearing, and the Authority moved to strike his pleadings. A further hearing was held on January 15, 1993, at which time the trial court permitted Penn to speak again and present evidence and testimony. The judge then denied the Authority's motion to strike but also denied Penn's motion for rehearing. Penn subsequently filed his notice of appeal.[1]
First, Penn argues that the Escambia County Circuit Court lacked jurisdiction over this cause. We find this argument without merit. Compare § 75.02, Fla. Stat. (1991) with § 163.01(13), Fla. Stat. (1991); see art. V, § 5(b), Fla. Const.
Second, Penn contends that the requisite twenty-day period between publication of the notice and the date of the hearing was not honored. See Fla.R.Civ.P. 1.090 (1991). Penn appears to suggest that the hearing could not properly have been held until January 5, 1993, or some day thereafter. We find this argument without merit. The twenty-day period ended on Sunday, January 3, 1993; and the trial court properly honored the rule by delaying the hearing until the next business day. Id.
Third, Penn argues that the city and county governments improperly approved their emergency ordinances. In this regard, the trial court accepted the city and county governments' contention that they did so in part to meet a Department of Defense deadline. We find nothing in the record to contradict this contention, which is supported by substantial competent evidence. That being the case, we may not disturb the finding on appeal. Moreover, many of Penn's contentions in this regard appear to raise what are essentially political questions, which this Court has no power to resolve. Voters discontent with the actions of the city and county governments remain free to express their disapproval at the ballot box when city and county officials are elected.
Fourth, Penn argues that the financing mechanism employed in this instance violates article VII, section 12 of the Florida Constitution.[2] We find the financing mechanism *462 at issue here indistinguishable from that approved in State v. Miami Beach Redevelopment Agency, 392 So.2d 875 (Fla. 1980). Accordingly, there is no merit in Penn's argument in this regard.
Fifth, Penn appears to argue that chapter 163, Florida Statutes, violates the common law, the Constitution of Florida, and the Fifth and Fourteenth Amendments of the United States Constitution. We find this argument meritless, irrelevant, and procedurally barred for Penn's failure to raise it below.
Sixth, Penn appears to argue that the twenty-day period between publication of the notice and the hearing below was too short and violated the Florida and federal guarantees of due process. We find this argument without merit.
Seventh, Penn challenges the procedures used below on grounds they exhibited unfairness and failed to comply with the requirements of the law. After reviewing the record, we find no merit to this argument.
Eighth, Penn contends that the final judgment below violates article I, section 8 of the United States Constitution. Penn appears to suggest that the city and county government improperly have usurped Congress' authority to raise revenue to support armies. We find this argument meritless. Nothing in the Florida or federal constitutions prohibits a local government from using its own resources to encourage the continued operation of military facilities of benefit to the local community.
For the foregoing reasons, the final judgment entered by the court below is in all respects affirmed.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] For purposes of this appeal, we assume arguendo that Penn did not forfeit his right to an appeal by his actions or inactions below.
[2] This provision states:

Counties, school districts, municipalities, special districts and local governmental bodies with taxing powers may issue bonds, certificates of indebtedness or any form of tax anticipation certificates, payable from ad valorem taxation and maturing more than twelve months after issuance only:
(a) to finance or refinance capital projects authorized by law and only when approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation; or
(b) to refund outstanding bonds and interest and redemption premium thereon at a lower net average interest cost rate.
Art. VII, § 12, Fla. Const.